De Forest C. Pitt, J.
This is a motion by defendant, the County of Albany, to dismiss plaintiff’s cause of action pursuant to CPLR 3211 (subd. [a], par. 5) upon the ground that the same may not be maintained because of the Statute of Limitations, and pursuant to CPLR 3211 (subd. [a], par. 7) upon the ground that the pleading fails to state a cause of action.
Plaintiff sustained injuries by reason of an assault committed upon his person by a fellow prisoner at a time when he was incarcerated in the Albany County Jail. Plaintiff’s com *101 plaint alleges negligence on the part of the defendant, County of Albany, its agents, officers, servants, employees, guards or keepers, or the head of one of the defendant’s agencies, departments, bureaus or offices, in that they allowed the defendant to be assaulted and failed to keep the plaintiff safe although there was notice, actual or constructive of the dangerous character of the offending prisoner.
The defendant’s contentions in this matter are (1) that the action was not commenced within the time provided for by section 50-i of the General Municipal Law and, (2) that pursuant to provisions of section 5 of article IX of the Constitution of the State of New York, the County of Albany may never be held responsible for any of the acts or omissions of the Sheriff of said county.
Section 50-i of the General Municipal Laxv reads in part as follows: “ No action or special proceeding shall be prosecuted or maintained against a * * * County * * * for personal injury * * * alleged to have been sustained by reason of the negligence or wrongful act of such * * * county * * * or of any officer, agent or employee thereof, * * * unless, (a) a notice of claim shall have been made and served upon the * * * county * * * in compliance with sec-f''’n fifty-e of this chapter, (b) it shall appear by and as an allegation in the complaint or moving papers that at least thirty days have elapsed since the service of such notice and that adjustment or payment thereof has been neglected or refused, and (c) the action or special proceeding shall be commenced within one year and ninety days after the happening of the event upon which the claim is based. 2. This section shall be applicable notwithstanding any inconsistent provisions of law, general, special or local ”,
It appears that the happening of the event upon which this action is predicated occurred on October 24,, 1962, and that this action was commenced by the service of a summons and complaint upon the defendant on March 4, 1964. It is noted that on July 31, 1963 an order was made permitting the late filing of the notice of claim herein and that such notice of claim was served upon the County of Albany on August 8,1963. An appeal was taken by the defendant from the order permitting such late filing and the same was affirmed by decision of the Appellate Division rendered February 20,1964. It contended by the plaintiff that it was proper to wait until the Appellate Division decision was rendered before commencing his action. This court cannot agree with such contention. Plaintiff was free to commence his action at any time following 30 days from the date of *102 service of his notice of claim and it appears should have properly commenced this action prior to the expiration of 1 year and 90 days from the date of the occurrence of the incident giving rise to the same. (Christian v. Village of Herkimer, 5 A D 2d 62, affd. 5 N Y 2d 818.)
In regard to the objection upon the ground that the complaint fails to state a cause of action, it is felt upon a reading of the complaint in reference to the factual situation as developed before this court that it is possible for the plaintiff to establish a valid cause of action. However, the previous discussion herein results in causing further explanation of this secondary objection to be unnecessary.
Accordingly, plaintiff’s cause of action will be dismissed upon the ground that the same may not be maintained because of the Statute of Limitations.